1  **BURSOR & FISHER, P.A.**
2  L. Timothy Fisher (State Bar No. 191626)
   2121 North California Blvd., Suite 1010
3  Walnut Creek, CA 94596-7351
4  Telephone: (925) 482-1515
   Facsimile: (925) 407-2700
5  E-Mail: ltfisher@bursor.com
6
   **BURSOR & FISHER, P.A.**
7  Scott A. Bursor (State Bar No. 276006)
8  369 Lexington Avenue, 10th Floor
   New York, New York 10017
9  Telephone: (212) 989-9113
10 Facsimile: (212) 989-9163
   E-Mail: scott@bursor.com
11
12 *Attorneys for Plaintiff*
13
14               IN THE UNITED STATES DISTRICT COURT
                 FOR THE CENTRAL DISTRICT OF CALIFORNIA
15
16 BENJAMIN ANTHONY PEREZ, on       $ACV11 - 01204 JST(ANx)
   Behalf of Himself and All Others   Case No.
17 Similarly Situated,
                                      **CLASS ACTION COMPLAINT**
18             Plaintiff,
                                      **JURY TRIAL DEMANDED**
19       v.
20 FUEL DOCTOR, LLC, a California
21 Limited Liability Company, and DOES
   1-10 inclusive,
22             Defendants.
23
24
25
26
27
28

                         **CLASS ACTION COMPLAINT**

Plaintiff Benjamin Anthony Perez ("Plaintiff") brings this action against Fuel Doctor, LLC ("Fuel Doctor"), and Does 1-10 inclusive, on behalf of himself and all others similarly situated. Plaintiff makes the following allegations upon information and belief, except as to allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF THE ACTION



1. The case concerns the marketing, advertising, promotion and sale of Defendants' product FD-47 and FD-47 Platinum Fuel Efficiency Boosters (collectively, the "FD-47 Fuel Efficiency Booster").

2. Defendants claim that by plugging the three inch device into an automobile's cigarette lighter socket, the FD-47 Fuel Efficiency Booster will reduce a car's emissions, increase its horse power and increase its fuel efficiency by up to 25% through power conditioning of the vehicle's electrical systems.

3. Independent testing has revealed that the product provides none of these benefits.

4. Moreover, an evaluation of the product's electronic components shows that, as designed, the FD-47 Fuel Efficiency Booster has no functional power conditioning components at all. The only function that the product is capable of performing is illuminating its LED indicator lights.

5. Plaintiff asserts claims on his own behalf and on behalf of a nationwide class for violations of the Magnuson-Moss Act, 15 U.S.C. § 2301, *et seq.*, unjust enrichment, intentional misrepresentation, fraudulent concealment, negligent misrepresentation, and breach of express and implied warranties, California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 *et seq.*, and California's False Advertising Law ("FAL"), Business & Professions Code §§ 17500 *et seq.* Plaintiff also asserts claims on behalf of a consumer

1

subclass for violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*

## THE PARTIES

6.    Plaintiff Benjamin Anthony Perez is a citizen of California who resides in Orange, California.  Plaintiff purchased the FD-47 Fuel Efficiency Booster based on Defendants claims of increased fuel efficiency, increased horsepower and reduced emissions.  The product did not perform as advertised.

7.    Defendant Fuel Doctor, LLC is a California limited liability company with its principal place of business in Calabasas, California.

8.    Plaintiff is unaware of the true names and capacities of the persons or entities named herein as Does 1-10, and sues such defendants by such fictitious names.  Plaintiff alleges that each of the Doe defendants is in some manner legally responsible for the damage suffered by Plaintiff and the members of the Class as alleged herein.  Plaintiff will amend this Complaint to set forth individualized allegations and the true names and capacities of the Doe Defendants when they have been ascertained.

9.    At all relevant times, each of the Defendants was engaged in the design, manufacture, production, testing, study, inspection, marketing, advertising, sale, promotion and/or distribution of the FD-47 Fuel Efficiency Booster.

10.    At all relevant times alleged in this matter, each Defendant acted in concert with, with the knowledge and approval of and/or as the agent of the other defendants within the course and scope of the agency, regarding the acts and omissions alleged.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

**CLASS ACTION COMPLAINT**

12.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, as well as most members of the proposed class, are citizens of states different from Defendants.

13.     This Court has personal jurisdiction over Defendants because Defendants conduct substantial business within California, such that Defendants have significant, continuous and pervasive contacts with the State of California. Moreover, Fuel Doctor is a California company with its principal place of business in California.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims enumerated herein occurred in this judicial district, and Defendants transact substantial business throughout this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

***The FD-47 Fuel Efficiency Booster is promoted***
***as an environmentally friendly money-saving device***

15.     Power conditioners are products intended to improve the quality of the power that is delivered to equipment by eliminating interference in the electrical current.

16.     Defendants market, distribute and sell a purported power conditioning device for automotive vehicles called the Fuel Doctor FD-47 Fuel Efficiency Booster.

17.     The product is available in standard and platinum versions which sell for $60-70 at retail.

18.     Defendants claim that by merely plugging the FD-47 into a vehicle's cigarette



3

lighter socket, the device, will "save gas, money and the environment" by increasing the vehicle's power and fuel economy while reducing it carbon dioxide emissions.

19.    The product packaging on the FD-47 Fuel Efficiency Booster reads:

- Save Money and the Environment
- Field tests show up to 25% more M.P.G.
- Increases Power
- Reduce Emissions

20.    A television commercial for the product makes the same representations about increased power, reduced emissions and "increased fuel economy resulting in reduced CO2 emissions."

21.    The cost savings and reduced environmental impact are the primary selling points for the FD-47 Fuel Efficiency Booster.  Promotional materials for the product also tout the FD-47 Fuel Efficiency Booster's purported environmental benefits.  For instance, one press release reads:

> The revolutionary Fuel Doctor USA's FD-47 allows eco-conscious consumers to save gas and money while helping the environment by reducing the pollutants emitted into the air. … Each year, by using the FD-47, under normal driving conditions consumers will reduce the CO2 pollutants their vehicles emit into the air by thousands of pounds. It's a truly effortless yet rewarding act, "JUST PLUG IN and keep it in" states Fuel Doctor USA CEO, Mark Soffa, "it's really that simple, and maintenance free. … Celebrate the 40th Anniversary of Earth Day this year, all year with Fuel Doctor USA and reduce your carbon footprint."

22.    The Company sponsors its own NASCAR team.  The Company issues frequent press releases directed toward the NASCAR fan community concerning news about the team and its drivers.  Those press releases make the same representations about the FD-47's ability to improve fuel efficiency, and reduce carbon emissions that are made in the products packaging and marketing materials.  The promotional press releases read as follows:

**CLASS ACTION COMPLAINT**

- Fuel Doctor's FD-47 is destined to forever alter the cost of gas for drivers, while saving the environment one car at a time.
- The FD-47's cutting-edge technology increases fuel economy and decreases the CO2 released into the environment. Fuel Doctor USA has officially joined the ranks of new companies using science and technology to effectively decrease environmental damage; while saving money for the consumer.
- Increased fuel economy will decrease CO2 emissions released into the environment. JUST PLUG IT IN!!!!
- When the vehicles engine runs more efficiently it will require less fuel, produce more power and have reduced exhaust emissions (reduced CO2).

23. According to Defendants, the FD-47 Fuel Efficiency Booster "was developed after years of research into engine dynamics that has yielded incredible results." Defendants describe the device's functional benefits as follows:

> The FD-47 increases a vehicle's miles per gallon (MPG) through power conditioning of the vehicle's electrical systems. Conditioned and clean power allows the vehicle's electronic control unit (ECU), fuel injection and engine timing equipment to operate more efficiently. When the vehicles engine runs more efficiently it will require less fuel, produce more power and have reduced exhaust emissions (reduced CO2).

24. Defendants provide the following scientific explanation for the efficacy of the product:

> As a vehicle matures, the power systems tend to generate and experience more electrical noise or electrical interference. This noise can have many detrimental effects on the vehicle's systems and decrease their efficiency. The FD-47 simply plugs into the lighter socket/power port and the power conditioning qualities of the FD-47 help to reduce and remove this noise and to restore your vehicle's efficiency.

25. Defendants claim that power conditioning is accomplished when the FD-47 Fuel Efficiency Booster "flattens out the noise down to the actual vehicle voltage and reduces electrical interference." According to Defendants, the

5

dramatic difference in electrical interference before and after use of the device is represented in the following comparison charts:



***The FD-47 Fuel Efficiency Booster is a Hoax***

26.     The FD-47 does not increase power or fuel efficiency.  The product does not even function as a power conditioner.

*The Product Does Not Provide Increased Power or Fuel Efficiency*

27.     Consumer Reports magazine conducted independent testing of the FD-47.  In December 2010, the magazine released its results which found that the power performance and fuel efficiency of the vehicles it tested were virtually the same with or without the device.[1]   The magazine concluded that the product warranted a rating of:  "Don't Buy: Performance Problem."

28.     Fuel Doctor responded by criticizing the results on its website and issued a challenge to Consumer Reports to conduct additional testing according to Fuel Doctor's own testing conditions.[2]   After issuing the challenge, the website notes "Fuel Doctor agrees to stand by the results of these findings."

---

[1]   *See* http://news.consumerreports.org/cars/2010/12/fuel-doctor-fd-47-fails-the-consumer-reports-fuel-economy-mpg-test.html (last accessed August 11, 2011).

[2]   *See* http://www.fueldoctorusa.com/fuel-doctor-challenges-consumer-reports (last accessed August 11, 2011).

**CLASS ACTION COMPLAINT**

29. In May 2011, Consumer Reports accepted the challenge and tested the FD-47 Platinum Fuel Efficiency Booster under many of the conditions set by Defendants.[3] The device fared no better in the second round of testing.

> Bottom line? Our conclusion remains the same: No improvement in miles per gallon with the FD-47. We continue to rate the Fuel Doctor a "Don't Buy: Performance Problem."

30. After Consumer Reports called Fuel Doctor bluff, the Company did not report on its website that the product was retested. Nor did Fuel Doctor stand by the results of Consumer Reports' findings as it had promised to do.

*The FD-47 Fuel Efficiency Booster Is Incapable of Functioning As a Power Conditioner*

31. A peek under the hood of the FD-47 Fuel Efficiency Booster reveals that the product cannot possibly operate as a power conditioner.

32. The products own patent application reveals that the FD-47 Fuel Efficiency Booster will not perform as advertised. The patent application includes the following diagram (Fig 4A) and accompanying text describing the voltage regulation functions of the circuitry:



[0043] FIG. 4A is a diagram of a circuit **400** for smoothing the voltage signal of a vehicle, according to an exemplary embodiment of the invention. In an exemplary embodiment of the invention, circuit **400** serves as a voltage regulator for the voltage in the vehicle. Circuit **400** uses a capacitor diode setup **405** to store excess electrical power and supplement voltage deficiencies of the voltage signal of the vehicle. The circuit includes a DC-DC converter control circuit **410** (e.g. MC34063) to control the functionality of circuit **400** and provide a smoother stabilized voltage signal in the electrical circuits of the vehicle. Optionally, the circuit includes LED **280** to provide indication that fuel consumption reducer **100** is functional.

---

[3]   *See* http://news.consumerreports.org/cars/2011/05/new-fuel-doctor-tests-still-no-mpg-magic.html (last accessed August 11, 2011).

**CLASS ACTION COMPLAINT**

33.    An analysis of the circuitry in the diagram reveals that circuit 400 will not function as voltage regulator circuit.

34.    Moreover, after analyzing the product's circuitry, one blogger noted that "The usual inductor that is required for a switching regulator has been replaced by a capacitor.  This change makes the regulator non-functional.  Even if the regulator circuit was functional, the output goes nowhere!  **This circuit does not do power conditioning of the vehicle's electrical systems."**

35.    After the blogger disclosed that the FD-47 Fuel Efficiency Booster cannot possibly function as a power conditioner according to its own design schematic, Fuel Doctor responded by threatening to sue the blogger for disclosing its trade secrets.

36.    Michael Austin, Technical Editor for Car and Driver Magazine opened the casing of the product to find nothing more than a simple circuit board for the LED lights.  He noted, "even if you could 'condition' the ECU through the lighter socket, it's unlikely the Fuel Doctor is doing so."

37.    Shortly thereafter, the Company released the FD-47 Platinum Fuel Efficiency Booster.  The primary difference between the platinum edition and its predecessor is that the circuit board in the platinum edition is "potted" in an epoxy which makes analyzing its circuitry more difficult.

38.    Like its predecessor, the circuitry on the FD-47 Platinum Fuel Efficiency Booster includes no power conditioning function for the vehicle's electrical systems.  The only functional controls on the device operate the LED indicator lights which illuminate when the device is turned on and indicate if incoming voltage is high or low.

## CLASS ACTION ALLEGATIONS

39.    Plaintiff brings this action on behalf of himself and all other similarly situated persons pursuant to Rule 23 of the Federal Rules of Civil Procedure.

40.    Plaintiff seeks to represent a class (the "Class") defined as all persons in the United States who purchased an FD-47 Fuel Efficiency Booster.  Excluded from the class are persons or entities that purchased FD-47 Fuel Efficiency Boosters for resale, Defendants and their subsidiaries and affiliates.

41.    Plaintiff further seeks to represent a subclass defined as all Class members who purchased an FD-47 Fuel Efficiency Booster for personal, family or household purposes (hereafter the "Consumer Subclass").

42.    Members of the Class and Subclass are so numerous that joinder of all members is impracticable.  While the exact number of Class members is presently unknown, and can only be ascertained through appropriate discovery, Plaintiff believes the members of the Class exceed one hundred thousand persons.

43.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among questions of law and fact common to the Class and Subclass are:

a.    Whether use of the   FD-47 Fuel Efficiency Booster can provide increased fuel efficiency of up to 25%;

b.    Whether use of the   FD-47 Fuel Efficiency Booster can provide increased automotive horsepower;

c.    Whether use of the  FD-47 Fuel Efficiency Booster can reduce a vehicle's carbon emissions;

d.    Whether Defendants expressly and/or impliedly warranted that the FD-47 Fuel Efficiency Booster will increase fuel efficiency, increase horsepower and reduce carbon emissions;

e.    Whether Defendants actions as described above violate the Magnuson-Moss Act, 15 U.S.C. § 201, *et seq.*,

f.    Whether Defendants breached warranties by making the representations above;

9

**CLASS ACTION COMPLAINT**

g.     Whether Defendants have been unjustly enriched as a result of their unlawful business practices;

h.     Whether Defendants' actions as described above violate the California Unfair Competition Law, California Business & Professions Code §§ 12500, *et seq*.;

i.     Whether Defendants' actions as described above violate the California False Advertising Law, California Business & Professions Code §§ 17500, *et seq*.;

j.     Whether Defendants' actions as described above violate the California Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.*;

k.     Whether Defendants should be required to make restitution, disgorge profits, reimburse losses, pay damages and pay treble damages as a result of the above described practices; and

l.     Whether Defendants should be enjoined from continuing the above-described practices;

44.     Plaintiff's claims are typical of the claims of Class and Subclass members because Plaintiff and each member of the Class purchased an FD-47 Fuel Efficiency Booster and suffered a loss of money as a result of that purchase.

45.     Plaintiff is an adequate representative of the Class and Subclass because his interests do not conflict with the interests of the Class and Subclass members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Class and Subclass members will be fairly and adequately protected by Plaintiff and his counsel.

46.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by the individual members

10

**CLASS ACTION COMPLAINT**

of the Class and Subclass may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this class action.

**COUNT I**

**VIOLATION OF MAGNUSON-MOSS WARRANTY ACT**
**(15 U.S.C. § 2301, *et seq.*)**

47.    Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further alleges as follows.

48.    Plaintiff brings this Count I individually and on behalf of the members of the Class against all Defendants.

49.    The FD-47 Fuel Efficiency Booster is a consumer product as defined in 15 U.S.C. § 2301(1).

50.    Plaintiff and Class members are consumers as defined in 15 U.S.C. § 2301(3).

51.    Defendants are suppliers and warrantors as defined in 15 U.S.C. § 2301(4) and (5).

52.    In connection with the sale of the FD-47 Fuel Efficiency Booster, Defendants issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that the product will reduce emissions, increase horsepower and increase fuel efficiency by up to 25%;.

53.    By reason of Defendants' breach of the express written warranties stating that the products will reduce emissions, increase horsepower and increase fuel economy by up to 25%, Defendants violated the statutory rights due Plaintiff and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, thereby damaging Plaintiff and Class members.

**CLASS ACTION COMPLAINT**

# COUNT II

## UNJUST ENRICHMENT

54.    Plaintiff incorporates by reference and realleges each and every allegation set forth above as though fully set forth herein.

55.    Plaintiff brings this Count II individually and on behalf of the members of the nationwide Class against all defendants.

56.    "The unjust enrichment claim can be made from common classwide proof."  *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 239 (C.D. Cal. 2003) (certifying a nationwide class where plaintiffs alleged defendants were unjustly enriched through a common scheme.).  "Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences.  In all states, the focus of an unjust enrichment claim is whether the defendant was *unjustly* enriched.  At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff.  The focus of the inquiry is the same in each state."  *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. Apr. 24, 2009), *quoting Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 2007).

57.    Plaintiff and Class members conferred a benefit on Defendants by purchasing the FD-47 Fuel Efficiency Booster.

58.    Defendants have been unjustly enriched in retaining the revenues derived from Class members' purchases of the FD-47 Fuel Efficiency Booster, which retention under these circumstances is unjust and inequitable because Defendants misrepresented the facts concerning the efficacy of the product and caused Plaintiff and the Class to lose money as a result thereof.

59.    Plaintiff and Class members suffered a loss of money as a result of Defendants' unjust enrichment because: (a) they would not have purchased the

**CLASS ACTION COMPLAINT**

FD-47 Fuel Efficiency Booster on the same terms if the true facts concerning those products had been known; (b) they paid a price premium due to the false representations about the products; and (c) the products did not perform as promised.

60.    Because Defendants' retention of the non-gratuitous benefit conferred on them by Plaintiff and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

**COUNT III**

**<u>BREACH OF EXPRESS WARRANTY</u>**

61.    Plaintiff repeats and realleges each and every allegation above, as if set forth in full herein.

62.    Plaintiff brings this Count III individually and on behalf of the members of the nationwide Class against all Defendants

63.    Defendants expressly warranted in its marketing, advertising and promotion of the FD-47 Fuel Efficiency Booster by representing that the device would reduce emissions, increase horsepower and increase fuel economy by up to 25%.

64.    Plaintiff and members of the Class purchased the FD-47 Fuel Efficiency Booster based upon the above said express warranty.

65.    Defendants breached its express warranty by selling a product that is not capable of reducing emissions, increasing horsepower and increasing fuel economy.

66.    As a direct and proximate result of Defendants' breaches of their express warranty, Plaintiff and members of the Class have been damaged in that they did not receive the product as specifically warranted and/or paid a premium for the product based on the Defendants' representations.

**CLASS ACTION COMPLAINT**

## COUNT IV

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

67.     Plaintiff repeats and realleges each and every allegation above, as if set forth in full herein.

68.     Plaintiff brings this Count IV individually and on behalf of the members of the nationwide Class against all Defendants

69.     Defendants impliedly warranted that the FD-47 Fuel Efficiency Boosters they manufactured, sold and distributed could reduce a car's emissions, increase its horsepower and increase its fuel economy by up to 25% and that the devices were merchantable and fit for their intended purpose.  Defendant did so with the intent to induce Plaintiff and members of the Class to purchase those products.

70.     Defendants breached their implied warranties in that the products cannot reduce emissions, increase horsepower or  increase fuel economy by up to 25% as marketed, advertised and promoted by Defendants.

71.     Had Plaintiff and the members of the Class known the true facts, they would not have purchased the products.

## COUNT V

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
### (Bus. & Prof. Code §§ 17200, *et seq.*)

72.     Plaintiff and Class members hereby reallege and incorporate by reference each allegation set forth above as if fully set forth herein.

73.     This Count V is asserted on behalf of the nationwide Class under California law.

74.     Defendants are subject to the Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

14

**CLASS ACTION COMPLAINT**

75.   Defendants also violated the "unlawful" prong of the UCL by violating the Magnuson Moss Act as described in Count I above; California's False Advertising Law as described in Count VI, below; and California's Consumers Legal Remedies Act ("CLRA") as described in Count VII, below.

76.   Defendants' conduct, described herein, violated the "unfair" prong of the UCL by misrepresenting that the FD-47 Fuel Efficiency Booster would reduce a car's emissions, increase its horsepower and increase its fuel economy by up to 25%.

77.   Defendants' conduct, described herein, violated the "fraudulent" prong of the UCL by misrepresenting that the FD-47 Fuel Efficiency Booster would reduce emissions, increase horsepower and increase fuel economy by up to 25%.

78.   Plaintiff and Class members suffered lost money or property as a result of Defendants' UCL violations because: (a) they would not have purchased the FD-47 Fuel Efficiency Booster if the true facts concerning those products had been known; and (b) they paid a price premium due to the false representations about the products.

## COUNT VI

### FOR VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL") (Bus. & Prof. Code §§ 17500 *et seq.*)

79.   Plaintiff incorporates by reference and realleges each and every allegation set forth above as though fully set forth herein.

80.   This Count VI is asserted on behalf of the nationwide Class under California law.

81.   Defendants violated Business & Professions Code § 17500 by publicly disseminating misleading and false advertisements including information suggesting that the FD-47 Fuel Efficiency Booster could reduce a car's emissions, increase its horsepower and increase its fuel economy by up to 25%.

**CLASS ACTION COMPLAINT**

82.    Defendants' misleading and false advertisements were disseminated to increase sales of the FD-47 Fuel Efficiency Booster.

83.    Defendants knew or should have known their false advertisements were untrue or misleading.

84.    Furthermore, Defendants publicly disseminated the false advertisements as part of a plan or scheme and with the intent not to sell the FD-47 Fuel Efficiency Booster as advertised.

85.    Plaintiff and the members of the Class have suffered harm as a result of these violations of the FAL because: (a) they would not have purchased the FD-47 Fuel Efficiency Booster if the true facts concerning the products had been known; and (b) the products did not perform as promised.

86.    Pursuant to Bus. & Prof. Code § 17500, Plaintiff seeks an order of this Court permanently enjoining Defendants from continuing to publicly disseminate misleading and false advertisements as alleged herein.  Plaintiff also seeks an order requiring Defendants to: (a) make full restitution for all monies wrongfully obtained; and (b) disgorge all ill-gotten revenues and/or profits.

## COUNT VII

### VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT ("CLRA") (Civil Code §§ 1750, *et seq.*)

87.    Plaintiff and Class members hereby reallege and incorporate by reference each allegation set forth above as if fully set forth herein and further allege as follows:

88.    This Count VII is asserted on behalf of the Consumer Subclass under California law.

89.    CLRA § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  Defendants

16

**CLASS ACTION COMPLAINT**

violated this provision by misrepresenting the FD-47 Fuel Efficiency Booster were of a standard that could reduce a car's emissions, increase its horsepower and increase its fuel economy by up to 25%.

90.    CLRA § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."    Defendants violated this provision by misrepresenting the FD-47 Fuel Efficiency Booster were of a standard that could reduce a vehicle's carbon emissions, increase its horsepower and increase its fuel economy by up to 25%.

91.    CLRA § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."    Defendants violated this provision by advertising that the FD-47 Fuel Efficiency Booster could reduce a car's carbon emissions, increase its horsepower and increase its fuel economy by up to 25% with the intent not to sell it as advertised.

92.    Plaintiff and the Consumer Subclass members suffered lost money or property as a result of these violations because: (a) they would not have purchased the FD-47 Fuel Efficiency Booster if the true facts concerning those products had been known; (b) they paid a price premium due to the false representations about the products; and (c) the products did not perform as promised.

93.    On August 11, 2011, prior to the filing of this Complaint, a CLRA notice letter was served on Fuel Doctor which complies in all respects with California Civil Code § 1782(a).    Plaintiff sent Fuel Doctor a letter *via* certified mail, return receipt requested, advising Fuel Doctor that it was in violation of the CLRA and must correct, repair, replace or otherwise rectify the goods alleged to be in violation of § 1770.    Fuel Doctor was further advised that in the event that the relief requested has not been provided within thirty (30) days, Plaintiff would amend his Complaint to include a request for monetary damages pursuant to the CLRA.    To date, Fuel Doctor has not responded to Plaintiff's CLRA notice letter.

17

**CLASS ACTION COMPLAINT**

94.    Wherefore, Plaintiff seeks restitution and injunctive relief for this violation of the CLRA.

## **PRAYER FOR RELIEF**

Plaintiff, on his own behalf and on behalf of the Class, prays for the following relief:

A.    For an order certifying the nationwide Class and the Consumer Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as Class Representative and his attorneys as Class Counsel to represent the Class members;

B.    For an order declaring that Defendants' conduct violates the statutes referenced herein;

C.    For an order finding in favor of Plaintiff, the Class and the Consumer Subclass on all counts asserted herein;

D.    For an order awarding compensatory, treble, and punitive damages in amounts to be determined by the Court and/or jury;

E.    For prejudgment interest on all amounts awarded;

F.    For an order of restitution and all other forms of equitable monetary relief;

G.    For injunctive relief as pleaded or as the Court may deem proper; and

H.    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

**CLASS ACTION COMPLAINT**

1

## **JURY DEMAND**

2

Plaintiff demands trial by jury on all issues herein stated.

3

Dated:    August 12, 2011                **BURSOR & FISHER, P.A.**

4

5

6

By:_____

L. Timothy Fisher

7

8

2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596-7351
Telephone: (925) 482-1515
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

9

10

11

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
369 Lexington Avenue, 10th Floor
New York, New York 10017
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

12

13

14

*Attorneys for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

I, Benjamin Perez, declare as follows:

1.      I am the plaintiff in this action and a citizen of the State of California and reside in this district.  I have personal knowledge of the facts herein and if called as a witness, I could and would testify competently thereto.

2.      This is a proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the transaction alleged occurred in the Central District of California because the defendant Fuel Doctor, LLC maintains its headquarters in Calabasas, California, which is located in this district.

3.      In addition, in or around March 2010, I purchased a Fuel doctor FD-47 device through an online retailer from my home in this District.  Based on the product label and product advertising claims, I was led to believe the product would provide increased fuel efficiency, reduce my car's emissions and increase its horsepower.

4.      After purchasing the product I discovered that the product did not provide me with increased gas mileage, reduce my car's emissions or increase my car's horsepower.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on August 10, 2011 at Orange, California.



_____
Benjamin Perez

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV11- 1204 JST (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

Name & Address:
L. Timothy Fisher (State Bar No. 191626)
Bursor & Fisher, P.A.
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596
Telephone: 925-482-1515

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ANTHONY PEREZ, on Behalf of Himself and All Others Similarly Situated,<br><br>v.<br><br>PLAINTIFF(S) | CASE NUMBER<br><br>**SACV11-01204 JST (ANx)** |
| FUEL DOCTOR, LLC, a California Limited Liability Company, and Does 1-10 inclusive,<br><br>DEFENDANT(S). | **SUMMONS** |

TO:    DEFENDANT(S): <u>FUEL DOCTOR, LLC</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>L. Timothy Fisher</u> _____, whose address is <u>2121 North California Blvd., Suite 1010, Walnut Creek, CA 94596</u> . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __AUG 1 2 2011__

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

Name & Address:
L. Timothy Fisher (State Bar No. 191626)
Bursor & Fisher, P.A.
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596
Telephone: 925-482-1515

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BENJAMIN ANTHONY PEREZ, on
Behalf of Himself and All Others
Similarly Situated,

PLAINTIFF(S)

v.

FUEL DOCTOR, LLC, a California
Limited Liability Company, and DOES
1-10 inclusive,

DEFENDANT(S).

CASE NUMBER

SACV11-01204 JST(AN)

**SUMMONS**

TO:    DEFENDANT(S): FUEL DOCTOR, LLC

A lawsuit has been filed against you.

Within  21  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, L. Timothy Fisher _____, whose address is 2121 North California Blvd., Suite 1010, Walnut Creek, CA 94596 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __**AUG 1 2 2011**__

By: ___**SUSANA P. BUSTAMANTE**___

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

*Via Fax Filing* (handwritten)

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| BENJAMIN ANTHONY PEREZ, on Behalf of Himself and All Others Similarly Situated | FUEL DOCTOR, LLC, a California Limited Liability Company, and DOES 1-10 inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known): |
|---|---|
| L. Timothy Fisher, Bursor & Fisher, P.A., 2121 North California Blvd., Suite 1010, Walnut Creek, CA 94596-7351, Tel: (925) 482-1515 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND: ☒ Yes ☐ No** (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23: ☒ Yes ☐ No**          ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Unjust enrichment, intentional misrepresentation, fraudulent concealment, negligent misrepresentation, and breach of express and implied warranties. 15 U.S.C. Sec. 2301

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:    Case Number: *SACV11 - 01204* (handwritten)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

   ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | . |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, Orange County | |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 8/12/2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |