# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - ORDER

Case No.:    SACV 11-01204 JST (ANx)             Dated: February 10, 2012

Title:       Benjamin Anthony Perez, etc. v. Fuel Doctor, LLC, et al.
===================================================================
**Present:  Hon. Arthur Nakazato,  United States Magistrate Judge**
(In Chambers - No Appearances)

Stephen Ybarra                      None
Deputy Clerk                       Court Smart Ref. No.

**Proceedings:**      Stipulated Protective Order (dkt.24) ("Stipulation") and Proposed Order thereon

**Rulings:**           For the reasons discussed below, the Court declines to issue the Proposed Order as drafted.

**Discussion:**

Having read and considered the parties' Stipulation and Proposed Order, the Court declines to issue the Proposed Order as drafted for the following reasons:

1.     The Stipulation and Proposed Order do not set forth good cause for issuing a true protective order pursuant to Rule 26(c) because neither the Stipulation nor Proposed Order identify specific relevant information that has actually been requested for production and shown to qualify for protection. Applicants for protective orders have the burden of making a clear showing of a particular and specific need to protect certain requested information from public disclosure. *See San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th Cir. 1999); *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  Good cause must be shown even if the applicants stipulate to the issuance of the protective order. *Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 858 (7th Cir. 1994).  The Stipulation and Proposed Order disclose what the parties really seek is an order governing the designation and handling of broad categories of confidential materials that have not yet been actually requested or produced and found by the Court to be subject to protection.  However, in order to distinguish the Proposed Order from a true protective order, the Court is willing to grant the parties leave to submit a revised stipulation and proposed order that is entitled "Order Governing the Designation and Handling of Confidential Materials" or simply "Confidentiality Order" that removes any references to the Proposed Order as a "protective order" in the body of the Stipulation and Proposed Order.

2.     Paragraph 6.3: This paragraph is unacceptable to the extent it attempts to allow the parties to circumvent Local Rule 37. Challenges to the Order must be made and presented in accordance with Local Rule 37, not Local Rule 7.

3.     Signature Line:  The Proposed Order must be prepared to be signed by the assigned magistrate judge, not the district judge.

cc:    JUDGE STATON TUCKER
       All Parties                         Initials of Deputy Clerk <u>shy</u>